## BATH v. INGERSOLL.

REPLEVIN. —Where the plaintiff in a suit in replevin failed to prove on trial the material allegations of his petition, and the court, on motion of defendant, ordered a nonsuit: *Held*, that the granting of such order was not erroneous.

IDEM.—The defendant in an action in replevin, having obtained against the plaintiff an order of nonsuit, may proceed to impanel a new jury in the same cause, and to assess the defendant's damages.

ERROR to the District Court for Albany County.

The plaintiff in error brought an action in replevin in the district court for Albany county to recover possession of a wagon, harness, and other personal property. The cause came on for trial at the Albany county August term of the district court, before Chief Justice Fisher and a jury for trial. After the plaintiff rested his case, certain evidence having been offered by him being excluded by the court, the defendant moved for a nonsuit. The motion was granted. The jury were discharged, a new jury was impaneled, the plaintiff was excluded from offering any further evidence and from cross-examining the defendant's witnesses, and the jury, after being instructed by the court, brought in a verdict for the defendant and against the plaintiff for the amount of the value of said personal property set forth in the petition, to all of which rulings and acts of said district court said plaintiff, by his counsel, duly excepted.

# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF

WYOMING TERRITORY.

MARCH TERM, 1876.

*J. W. Kingman*, for plaintiff in error:

I. The action of replevin, under our code, is 'an action to try the title to personal property, and consequently both parties are plaintiffs and each in turn defendants. Either party may recover the entire property, or each may recover a part of it. Each party must recover on some title shown to be in himself, not on the want of a title in his opponent: See Code, title Replevin; 2 Par. on Con. 477.

II. There was evidence tending to show title in the plaintiff, which should have been given to the jury; and it was error to order a nonsuit: 14 Wis. 553; 6 Pick. 117; 13 Wis. 175; 17 Mass. 249.

III. It was error to discharge the first jury, and also error to impanel a new one. The plaintiff was deprived of his right of challenge.

IV. It was error to deprive the plaintiff of the right to cross-examine defendant's witnesses: 26 Ill. 298; 8 Flor. 446; 7 Clark, 478; 1 Head (Tenn), 520; 5 Clark (Iowa), 463, 5 Fost. (N. H.), 229; 2 Par. on Cont. 479. Although the plaintiff is nonsuited in an action of replevin, he may still offer testimony to prove ownership of the property in himself, upon inquiry into the right of the defendant's possession." 1 Green. (Iowa), 13; 7 Blackf. 298. "On an inquest of damages, the defendant, after having defaulted, may cross-examine plaintiff's witnesses, introduce evidence in mitigation of damages, and address the jury." 8 Flor. 446.

V. It was error to refuse plaintiff the right to offer evidence on the question of damages: See authorities above cited.

VI. It was error to prevent him from addressing the jury: Seney's Code, sec. 184, and notes.

*M. C. Brown*, for defendant in error.

This cause comes into this court on petition in error from district court, second judicial district. The plaintiff in error

was plaintiff in court below. Action, replevin. After the plaintiff had submitted his evidence, the defendant moved the court for nonsuit, which said motion was sustained, and judgment of nonsuit ordered by the court, whereupon a jury was impaneled to assess damages for defendant, and a judgment entered upon their verdict in favor of the defendant. To reverse this judgment, this case is brought here on error.

The chief error complained of by plaintiff is this, to wit: that the court below had no right to grant nonsuit in an action in replevin, and that the proceedings of the court in so granting nonsuit, impaneling jury to assess damages, etc., were irregular and not warranted by law. An action in replevin is a common law action, and like every other action at common law, judgment by nonsuit is proper. That under the code, the proceedings in replevin, where nonsuit is adjudged by the court, must be the same as where there is judgment for the defendant on demurrer, or the plaintiff otherwise fail in the action: See Code, 1873, sec. 179, p. 54. That there was no error by the court in granting nonsuit (if the evidence was such as to warrant a judgment of this character in any common law case), and impaneling jury to assess damages: See 2 Ohio, *Reed* v. *Carpenter*; 2 Ohio, 87.

The next question of importance to be determined here is this, to wit: If judgments of nonsuit in actions of replevin are lawful, was the evidence offered in this case of such a character as to warrant judgment of nonsuit. We believe a motion for nonsuit to be in the nature of a demurrer to the evidence offered by the plaintiff. That the motion admits every matter as proved that the evidence has a tendency to establish, and that a nonsuit can only be granted when there has been an entire failure of evidence on some material allegation indispensable to the right of action: 11 Wheaton, 320.

We accept this theory of the law as most favorable to the plaintiff in error, and because it is supported by au-

thority: See *Ells & Morton* v. *Ohio Life Ins. & Trust Co.*, 4 Ohio St. 644; 17 Ohio, 40–43; 1 McLean, 309; 3 Barn. & Cress. 462.

On motion of nonsuit the court will consider the whole testimony of plaintiff, whether given on cross-examination or in chief: 30 Maine, 117.

There is absolutely no evidence, as shown by the record, having a tendency even to establish the allegations of plaintiff's petition, therefore no error by court in sustaining motion for nonsuit. We have referred to all the errors complained of that we believe worthy of comment. We believe the judgment of the court below should be affirmed, and the defendant be allowed the highest percentage permitted by law as damages and costs in appeal.

By the Court, THOMAS, J.: There are several grounds of error alleged in plaintiff's petition in error. The court below certainly acted properly in excluding certain evidence of Dawson and another, for it would have been at best hearsay, and nothing but hearsay, evidence. The district court is sustained by excellent authorities upon the question; that in an action of replevin a motion of nonsuit may properly be granted, while in this instance, as the plaintiff's evidence not only failed to show title in the plaintiff, but also proved that the plaintiff had, some months prior to the commencement of the action in the district court, parted with all title thereto. We can therefore discover no error in the granting of the motion for a nonsuit.

The question of impaneling another jury is something of a novel one. To us it seems that it is fully sustained by the provisions of our code, and that it is a much better practice than the one of having the damages assessed by the jury first impaneled, they having heard all the evidence for the plaintiff, and liable to be at least slightly biassed by the same, while they would have no right to consider nor regard any portion thereof. While there may be a difference of opinion among the members of this court as to the

right of the plaintiff, after sustaining a nonsuit, to appear and offer evidence or cross-examine witnesses upon the assessment of damages, it is apparent, from an examination of the whole record in this case, that no injury or injustice can have been done the plaintiff as our replevin law now stands.    Under the general rule, therefore, there could be no reason for reversing this judgment upon that ground, even had the district court erred in refusing to allow the plaintiff to appear at the assessment of damages.

Judgment affirmed, and *writ of procedendo* ordered to Albany county.